# Finney v. Erie City Iron Works.

*Action on Written Instrument under Seal.*

1. *Action against partner on instrument under seal executed in partnership name by another partner.*—Where one partner, acting within the scope of the partnership venture, executes under seal in the partnership name a written instrument which the law does not require to be sealed, such instrument may be enforced as a simple contract against the other partner.

2. *Error without injury in ruling on pleading; plea of non est factum in action against partner.*—Where, in an action against one partner upon a written instrument executed in the partnership name by another partner, the plaintiff took issue upon defendant's plea of *non est factum*, and also filed a special replication thereto alleging subsequent ratification of the execution of the instrument by special acts of the defendant, but, as pointed out in defendant's demurrer to such replication, failing to allege the doing of such acts by the defendant with knowledge of the giving of the instrument, the erroneous action of the court in overruling such demurrer was error without injury, where the undisputed evidence showed the existence of the partnership alleged in the complaint; that the obligation sued on was given by a member of it, for the purchase price of property necessary for, and actually used in, the business of the partnership, and strictly within the scope and purposes of its creation.

3. *Plea setting up contract with stranger to suit.*—In an action on a written instrument by the transferee thereof, a plea setting up a contract, made by the attorney of the original payee, not to sue on the instrument, is bad if it fails to show that such contract was authorized or ratified by the plaintiff.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. N. D. DENSON.

This was an action by the appellee, the Erie City Iron Works, a corporation, against the appellant, Charles E. Finney. The complaint claimed an amount as "balance due by instrument under seal made August 18, 1893, by Perry & Finney, a firm composed of defendant and one Walker C. Perry, payable to Eady & Maddox, now the property of the plaintiff." The defendant filed two pleas. The first was a sworn plea that the instrument on which the action was founded was not executed by the defendant, or by any one authorized to bind him in the premises. The second plea averred that on November 30th, 1894, Eady & Maddox, payees in the instrument sued on, through their attorneys, Robinson & Duke, presented the same to the defendant for payment; that he claimed he was not liable to pay the same, but that Walker C. Perry was liable, and requested them not to sue him, as it would put him to some expense, but to sue Perry; that said attorneys agreed with defendant if he would make a bond for garnishment of certain parties indebted to Perry, they would sue Perry, and not sue defendant unless they failed to make the money out of Perry; that he made the bond, said suit was brought against Perry, and said garnishments were issued, but that afterwards said suit and garnishments were dismissed without defendant's consent, and said garnishment bond is still in force; and that the plaintiff had full knowledge of all the facts alleged in the plea. The plaintiff demurred to the second plea, (1) because it was frivolous; (2) because it failed to show that Robinson & Duke had authority from plaintiff to make such a contract as alleged; and (3) because it failed to show that plaintiff ever ratified such contract. This demurrer was sustained. The plaintiff replied to the first plea as follows: (1) "That the instrument sued on was given for machinery bought by W. C. Perry, one of the firm of Perry & Finney, for the use of the firm; was signed by Perry, signing the firm name of Perry & Finney; that he had authority from Finney to buy said machinery; that the firm, before and after said purchase, were engaged in the business of ginning cotton; that the machinery was bought to be used and was used in said business, and that defendant knew of the purchase of the

machinery, and assisted in carrying it from where it was bought to where it was used." (2) That defendant ratified said purchase and the giving of said instrument by "afterwards using it in the business of said firm, and subsequently selling an interest in said machinery." The defendant demurred to the first replication on the grounds that it was no answer to the plea, and that it fails to aver that Finney authorized Perry to give the instrument sued on. To the second replication the defendant demurred on the grounds that it was no answer to the plea, and that it does not aver that Finney ever knew of the giving of the instrument sued on. These demurrers were overruled. Issue was joined upon the replications to the first plea. The plaintiff introduced as a witness W. C. Perry, who testified that he was a member of the firm of Perry & Finney, of which defendant was a member at the time the writing sued on was given; that he signed the firm name thereto; that the firm was engaged in the business of ginning cotton, and said writing was given for machinery to be used in said business; that defendant knew he was going to buy it, and told him to give any necessary papers, and helped to haul it from the railway to their place of business; that it was used in their ginning business, and defendant afterwards sold his interest therein. The plaintiff then introduced the instrument sued on, which was in words and figures as follows: "$300. West Point, Ga., August 18th, 1893. November 1st, after date, we promise to pay Eady & Maddox, or bearer, three hundred dollars, for value received, with interest at 8 per cent per annum after date, and ten per cent attorney's fees on principal and interest in case of collection by suit or through an attorney. And, to secure the payment of the note, I hereby mortgage and convey unto said payee, his heirs and assigns, the following described property, towit: One new H. P. Erie City engine and boiler; one new 50-saw Winship gin, feeder and condenser." Then follows a waiver clause, and the instrument concludes as follows: "Witness my hand and seal, the day and year above written. [Signed.] Perry & Finney. [L. S.] In presence of S. M. Edge." This instrument was indorsed by Eady & Maddox to the plaintiff. The defendant testified that when Perry was about to buy said machinery he told

Perry not to give any papers for the same, and not to sign defendant's name to any papers for said machinery; that he did not know said instrument had been given until it was presented to him for payment in the fall of 1894; that at that time he had sold his interest in the machinery; that he never authorized the giving of said instrument, nor consented to the signing of the firm name thereto. The defendant further testified that he knew said machinery was purchased for use in the business of his firm, that it was used by said firm after its purchase; that, some time after said purchase and use of said machinery, he sold his interest in the same; and that he knew that the machinery was bought partly on credit. In submitting the case to the jury, the court, at the request in writing of the plaintiff, gave the general affirmative charge in its behalf. The defendant excepted to the giving of this charge. There were verdict and judgment for the plaintiff, and the defendant appeals.

E. M. OLIVER, for appellant—The instrument sued on is a mortgage under seal. It is an almost universal rule of law that one partner has no implied power to bind the firm by an instrument under seal.—17 Am. & Eng. Encyc. of Law, 1001; *Dodge v. McKay*, 4 Ala. 346; *Morgan v. Scott*, Minor, 81; *Lucas v. Bank of Darien*, 2 Stew. 280; *Herbert v. Hanrick*, 16 Ala. 581; *Grady v. Robinson*, 28 Ala. 289; *Gunter v. Williams*, 40 Ala. 561. Neither of the replications avers that appellant ever knew of the instrument sued on. The fact that it is under seal makes it necessary for appellee to show special authority by appellant to Perry to execute it, or a subsequet ratification with full knowledge that it had been executed.

ROBINSON & DUKE and DOWDELL & DUKE, *contra.*—(1) When instruments under seal have been executed by persons not having authority to execute sealed instruments, but who have authority to execute such an instrument not under seal, if the instrument would have been valid without a seal, and could, within the scope of the power of such person, have been executed as an unsealed instrument, it does not follow in law or justice that it should not operate at all. Such an instrument operates as a simple contract, the seal being regarded as mere sur-

plusage.—*Jones v. Morris*, 61 Ala. 518 ; *Ledbetter v. Walker*, 31 Ala. 175 ; *Gaylord v. Warden*, 14 Wall. 244 ; *Milton v. Mosher*, 7 Met. 244 ; *Tapley v. Butterfield*, 1 Met. 515. (2) In executing the instrument sued on Perry was acting within the scope of the partnership business, and bound the firm.—*Smitha v. Cureton*, 31 Ala. 652 ; *Clark v. Taylor*, 68 Ala. 453 ; *Ullman v. Myrick*, 93 Ala. 532 ; *Ellis v. Allen*, 80 Ala. 515. (3) The court properly sustained the demurrer to the second plea.—*Robinson v. Murphy*, 69 Ala. 543 ; *Hall Safe & Lock Co. v. Howell*, 88 Ala. 441. (4) Replications 1 and 2 set up a sufficient ratification.— *Tischler v. Kurtz*, 17 So. Rep. 661; *Herbert v. Hanrich*, 16 Ala. 581; *Rovelsky v. Brown*, 92 Ala. 522; *Gunter v. Williams*, 40 Ala. 561; *Grady v. Robinson*, 28 Ala. 289.

HEAD, J.—The complaint shows the instrument declared on was executed by a partnership composed of the defendant and another. Though executed under seal, it was not such an instrument as the law requires to be sealed. Being executed by a partnership, it may be enforced as a simple contract, which such an entity is authorized to make, by one of its members, acting within the scope of the partnership venture. See authorities on brief of appellee's counsel. But the plea of *non est factum* cast the burden upon plaintiff to prove that the instrument was executed by the defendant, or some one by him lawfully authorized to bind him. If it was executed by his alleged co-partner, the plaintiff should prove the fact, the existence of the partnership, and that the contract was within its scope, or else special authority from the defendant to execute it for him. The plea was, in effect, a denial of all these facts. Special replication was unnecessary. The plaintiff could have made and did make the necessary proof to overcome the plea; but in addition to the general issue, it saw fit to file two special replications, thereby inducing a test of their sufficiency by rulings of the court upon demurrers filed by the defendant. The first replication was good. It showed the existence of the partnership, and that the contract was made and executed by a member thereof, for the partnership, and within the scope of its business. The second replication was bad. It, in legal effect, confessed the want of defendant's authority, general or special, for the execution of the instrument, and alleged

[Baker, Admr. v. Mitchell *et al.*]

subsequent ratification by special acts; but, as pointed out in the demurrer, failed to allege the doing of such acts by defendant, with knowledge of the giving of the instrument. There can be no ratification without knowledge of the act to be ratified. But, the defendant was not possibly injured by this ruling. The undisputed evidence was such that plaintiff was not called upon to prove ratification. It showed the existence of the partnership alleged in the complaint; that the obligation sued on was given ·by a member of it, for the purchase price of property necessary for, and actually used in, the business of the partnership, and strictly within the scope and purposes of its creation.

The second and third grounds of .demurrer to the second plea were good, and properly sustained. The concluding averment,—that the plaintiff had full knowledge of all the facts alleged in the plea,—does not sufficiently show when nor how such knowledge was acquired, nor what relation it had to, or effect upon, the alleged agreement of the attorneys of the payees of the instrument. The plea is obviously bad for other causes not assigned in the demurrer.

The court correctly gave the affirmative charge for the plaintiff.

Affirmed.